## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLARENCE FANNING, | : | CIVIL ACTION - LAW |
| 339 Birmingham Way | : | |
| Exton, PA 19341 | : | |
| | : | |
| DILLON OWAD | : | |
| 3206 Walnut Ridge Estates | : | |
| Pottstown, PA 19464, | : | |
| | : | |
| And | : | |
| | : | |
| HUNTER MITCHELL, | : | |
| 425 South Baumstown Road, | : | |
| Birdsboro, PA 19508 | : | NO. |
| | : | |
| Plaintiffs, | : | *Electronically Filed* |
| | : | |
| vs. | : | |
| | : | JURY TRIAL OF 12 DEMANDED |
| JOSEPH LEVINE & SON, INC., | : | |
| JOSEPH LEVINE & SON MEMORIAL | : | |
| CHAPEL, INC., | : | |
| HAYM SALOMON MEMORIAL PARK, and | : | |
| ADAM LEVINE, | : | |
| | : | |
| Defendants. | : | |

## COMPLAINT

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter under 28 U.S.C. §1331 because it arises under

   the laws of the United States, specifically the Fair Labor Standards Act ("FLSA"). This

   Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C.

   §1367.

2. Venue is proper in this district because a substantial part of the events or omissions

   giving rise to the claim occurred in this district.

1

## FACTUAL BACKGROUND

3.  Plaintiffs bring this action for failure to pay overtime wages in violation of the FLSA and for failure to allow and pay earned vacation time under the Pennsylvania Wage Payment and Collection Law ("WPCL").  Plaintiffs also bring this action for retaliation for complaining of FLSA violations.

4.  Plaintiff, Clarence Fanning, is a resident of the Commonwealth of Pennsylvania residing at 339 Birmingham Way, Exton, Pennsylvania 19341.  Plaintiff has been employed by Defendants at Haym Salomon Memorial Park ("HSMP") for eleven years.  His title is Head Groundskeeper.

5.  Plaintiff, Dillon Owad, is a resident of the Commonwealth of Pennsylvania residing at 3206 Walnut Ridge Estates, Pottstown, Pennsylvania 19464.  Plaintiff was employed by Defendants as a Groundskeeper from 2016 until earlier in 2022.

6.  Plaintiff, Hunter Mitchell, is a resident of the Commonwealth of Pennsylvania residing at 425 South Baumstown Road, Birdsboro, Pennsylvania 19508.  Plaintiff has been employed by Defendants as a Groundskeeper from Spring 2022 to the present.

7.  Defendants, Joseph Levine & Son, Inc., Joseph Levine & Son Memorial Chapel, Inc., Haym Salomon Memorial Park and Adam Levine (hereafter referred to as "HSMP" or "Defendants"), operate a cemetery located at 200 Moores Road, Malvern, Pennsylvania 19355.

8.  Defendants are employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. §203(d), enterprises within the meaning of 29 U.S.C. §203(r), and is engaged in commerce within the meaning of 29 U.S.C. §203(s)(1).

9.  Plaintiffs were non-exempt employees under the Fair Labor Standards Act.

10. Plaintiffs were entitled under the FLSA to compensation for hours worked in excess of forty hours in a work week at a rate of one-and-a-half times the rate at which they were regularly employed.

11. It was routine for employees of Defendants including Plaintiffs to work in excess of forty hours in a work week.  Such overtime work was necessary for the operation of the HSMP.

12. Plaintiffs had a contract with Defendants under which Defendants promised to pay them wages at specified hourly rates, including overtime at federally-mandated rates, within the time limits specified under Federal and Pennsylvania law.

13. Defendant was reluctant to pay Plaintiffs and similarly-situated employees overtime wages for time they actually worked in excess of forty hours in a work week and for which they were entitled to be paid overtime wages.

14. When Plaintiff Fanning first worked at HSMP, the employer used written timesheets to ensure  employee hours were accurately recorded and overtime was paid to employees who worked overtime, as required by law.  For a period of time, Plaintiff Fanning was responsible for recording employees' work hours and providing them to the Director of HSMP.

15. Some time after Defendant Levine took over the operation of HSMP, after his father passed away seven years ago, he took away from Plaintiff Fanning responsibility for recording employees' hours and announced that henceforth he would be keeping track of employee hours and overtime..  Levine told Plaintiff Fanning that Fanning was too "generous."  Plaintiff Fanning was neither generous nor ungenerous, he merely kept

accurate records of employee hours and ensured that they were paid overtime pay as required by law.

16. Defendants' employees normally work forty hours per week on weekdays.  In addition, it is very commonplace for Defendants to require employees to work on Sundays to serve the needs of customers who need funeral or unveiling services on Sunday, and also to work on Saturdays to set up for Sunday services.

17. Plaintiff Fanning is paid on a salaried basis at the current rate of $70,000 per year, and last year he received $1000.00 in "bonus" payments.

18. Plaintiff Fanning's duties include manual labor such as digging graves using a backhoe, tamping graves using a shovel and seeding graves, landscaping, installing and hand polishing granite markers, installing and maintaining shrubs, operating a dump truck, cleaning leaves with a back pack leaf blower, setting up for funerals and unveiling services, including tents and chairs, tree work, maintenance of equipment, cleaning the building and other manual labor.

19. In addition to his manual labor job duties, and prior to making a complaint regarding failure to pay overtime, Plaintiff Fanning also directed the work of the Groundskeepers like Plaintiffs Owad and Mitchell in these tasks, and Plaintiff had keys to the building at HSMP to facilitate him in performing his other duties.  Plaintiff Fanning did not have a desk in the office nor a computer, and he did not have a login to access Defendants' computer system.

20. Plaintiff Fanning did not have the authority to hire or fire employees.  He did not conduct performance evaluations or decide on employee compensation.  The Director of HSMP,

Defendant Levine, managed HSMP and made all hiring and firing and other supervisory decisions concerning the employees.

21. After Defendant Levine took over as Director at HSMP, Defendant Levine assigned Plaintiff Fanning the responsibility of being on duty for the twenty-four hours of the Jewish Sabbath, from sundown on Friday to sundown on Saturday. During this time Plaintiff Fanning was required to handle all calls from funeral directors seeking cemetery services for customers who had passed away during the Sabbath and/or who needed other services during that time. If a call for services came in, Plaintiff was required to report to the HSMP building within no more than thirty to sixty minutes to pull the customer's file and take care of the customer's needs.

22. Because of his need to be on duty during the Sabbath, Plaintiff was unable to engage in his normal life activities. Plaintiff had to be in an area with cell phone service at all times, so he could not go hunting in the woods. Plaintiff could not travel more than thirty minutes from the HSMP, e.g. to visit his children, watch his son's baseball game, or watch his daughter perform on the violin with the Philadelphia Orchestra. If Plaintiff got a call he was required to abandon whatever he was doing and proceed immediately to HSMP. Plaintiff has had to leave a grocery shopping cart in the middle of the store. Calls could come in at any time, e.g. after 9 pm.

23. Plaintiff Fanning had no way to predict when he would be called back to work during the Sabbath and no way to plan his life activities around this unpredictable work schedule.

24. The twenty-four hours of each Sabbath constituted compensable working hours for Plaintiff Fanning.

5

25. Plaintiff Fanning was entitled to four weeks of vacation per year but Defendant Levine routinely refused to allow him to take a vacation.  Plaintiff has only been permitted to use two weeks of vacation over the past three years.

26. Plaintiff Fanning is entitled to compensation for the ten weeks of earned vacation time Defendants refused to allow him to use over the past three years.

27. From approximately 2017 to the present, Defendants routinely failed to keep track of or pay overtime wages to Plaintiffs and other employees who were entitled to such wages under the FLSA and the WPCL.  Defendants kept no contemporaneous records of the hours employees worked.  Defendants routinely attempted to provide "comp time" in different work weeks to try to assuage employees who were upset at being denied overtime pay.  The employees did not want future "comp time" they wanted to be paid what they were owed.

28. Defendants have failed to record, report, credit and/or compensate Plaintiffs, and Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA and the WPCL.

29. On November 23, 2022, Plaintiffs' counsel sent a letter to Defendants notifying them that Plaintiff Fanning was alleging a failure to pay overtime pay as required by the Fair Labor Standards Act, 29 U.S.C. sec. 203.

30. Immediately after receiving notice of Plaintiff Fanning's FLSA claim, Defendants began retaliating against him to punish him for asserting a claim.

31. On November 25, 2022 Defendant Levine sent Plaintiff Fanning a new Google Calendar to download to his company phone.  The new Google Calendar was blank -- all of the

data showing overtime hours Plaintiffs had worked, e.g. for Sunday services, had been deleted. Several days later Defendants remotely reset Plaintiff Fanning's work phone so that all of his text communications were removed from his phone. These text communications, including those with Defendant Levine, represent important evidence of Plaintiff Fanning's overtime work that Plaintiffs can no longer access.

32. To retaliate against Plaintiff Fanning for asserting a FLSA claim, Defendants changed the locks on the workplace building and did not provide keys to him; took away Plaintiff's responsibilities for directing the work of the other Groundskeepers and gave them to a new Groundskeeper employee, Ray. Ray had only been on the job for two months and Plaintiff Fanning was in the process of training him. Plaintiff Fanning was ordered not to drive the backhoe or dump truck; Defendants falsely claimed that Plaintiff did not work on November 21, 2022 when he did work; and reassigned other customary duties to Ray. Defendant Levine's intent in ordering Plaintiff not to operate the backhoe or dump truck was to ensure that Plaintiff would have to perform more heavy manual labor, e.g. shoveling, which Defendant Levine viewed as more difficult and unpleasant than operating those machines, i.e., it was a punishment for making a FLSA claim.

33. For Plaintiff Fanning's first paycheck after his FLSA complaint, Defendants initially paid him half of his normal pay. Later the same day Defendants made up the difference with a separate payment.

34. On November 28, 2022 Plaintiff's counsel sent a letter to Defendants informing them that Plaintiff Mitchell was alleging a claim for unpaid overtime pay under the FLSA.

35. Defendants immediately began retaliating against Plaintiff Mitchell for making a FLSA claim. On November 29, 2022 Defendants told Plaintiff Mitchell not to come to work the

next day.   The excuse given was rain but all other employees, including the other

Groundskeepers, were permitted to work and be paid on November 30, 2022.  There was

enough work to be done on November 30 that Plaintiff Mitchell could have and should

have been permitted to work.  The only reason he was singled out for no work was

because of his FLSA complaint.

36. Defendants retaliated against Plaintiff Mitchell for making an FLSA claim by slandering

    him in the workplace, including falsely telling other employees that Plaintiff Mitchell

    showed up for work an hour late every day.

37. Defendants' Handbook provided to new employees states that all full time employees

    will receive medical benefits after they have been employed for ninety days.  Plaintiff

    Mitchell believed based on his conversation with Defendant Levine that he would receive

    medical benefits after ninety days.  Plaintiff Mitchell has been employed by Defendants

    for five months but he has not received medical benefits.

38. Defendants have further retaliated against Plaintiff Mitchell by giving him impossible to

    perform work tasks with unmeetable deadlines.

39. After Plaintiffs' FLSA complaints, Defendants, for the first time in many years, provided

    a sign in sheet for employees so that Defendants could accurately track their hours and

    pay them the wages they are owed.

## COUNT ONE
## PLAINTIFFS VS. ALL DEFENDANTS
### (Violation of Fair Labor Standards Act)

40. Plaintiffs reallege and incorporate the foregoing paragraphs as if they were set forth fully

    herein.

41. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

42. At all times relevant, Defendants have been employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d).

43. At all times relevant to this Complaint, Plaintiffs were Defendants' "employees" as defined by the FLSA, §203(e)(1).

44. At all times relevant, Defendant was an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. §203(r).

45. The FLSA requires that employers compensate all non-exempt employees for every hour worked in a work week plus time and a half for hours worked over forty hours in a work week.  See 29 U.S.C. §206(a)-(b).

46. At all times relevant to this Complaint, Plaintiffs were not exempt from the minimum wage provisions of the FLSA.

47. At all times relevant to this Complaint, Defendants had a policy and practice of knowingly permitting Plaintiffs to work off the clock and overtime without compensation.

48. Defendants failed to pay Plaintiffs wages for overtime work.

49. In violating the FLSA, Defendants acted willfully, without good-faith, and with reckless disregard of applicable federal law.

50. Accordingly, pursuant to the FLSA, Plaintiffs are entitled to wages for all hours worked in an amount equal to their regular pay, plus time-and-a-half for hours worked over forty in a week, plus liquidated damages, attorneys' fees and costs.

WHEREFORE, Plaintiffs respectfully pray for judgment against Defendants as follows:

;

   a.  for an Order awarding Plaintiffs back wages that have been improperly withheld;

   b.  for an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiffs, for liquidated damages, attorneys' fees and costs.

## COUNT TWO

**PLAINTIFFS CLARENCE FANNING AND HUNTER MITCHELL
VS ALL DEFENDANTS**

**Violation of Fair Labor Standards Act – Retaliation**

51. Plaintiffs reallege and incorporate the foregoing paragraphs as if they were set forth fully herein.

52. Section 215(a)(3) of the FLSA makes it unlawful for any employer to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee." 29 U.S.C. §215(a)(3).

53. Plaintiffs Fanning and Mitchell complained to Defendants about their failure to pay them their overtime wages.

54. Defendants retaliated against Plaintiffs Fanning and Mitchell as set forth above for their complaints about failure to pay overtime wages, in violation of the FLSA.

   WHEREFORE, Plaintiffs demand the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation, including but not limited to back and front pay; (2) compensatory damages, including pain, suffering and humiliation; (3) punitive

damages; (4) equitable relief such as return of normal duties prior to making a FLSA complaint, employment, reinstatement or promotion or payment of health care expenses; (5) a reasonable attorneys' fee; (6) Plaintiffs' expert witness fees, if any; (7) reinstatement to their former position (with all back benefits they would have been entitled to); (8) other costs of the action; (9) interest; and (10) an additional amount for the tax consequences of r an award in Plaintiffs' favor under the Third Circuit's Eshelman doctrine.

**COUNT THREE**
**PLAINTIFFS VS. ALL DEFENDANTS**
**Violation of Pennsylvania Wage Payment and Collection Law**

55. Plaintiffs reallege and incorporate the foregoing paragraphs as if they were set forth fully herein.

56. Plaintiffs were entitled under the Pennsylvania Wage Payment and Collection Law, 43 Pa. Con. Stat. Ann. §260.1 *et seq.*, to be paid for all of the hours they worked, in a timely manner.  The Law requires payment of overtime wages in the next succeeding pay period.

57. Defendants did not pay Plaintiffs for all of the hours they worked.

58. Plaintiff Fanning earned ten weeks of vacation over the past three years which Defendants refused to permit him to take due to their business needs.  That earned vacation which Defendant prevented Plaintiff from taking constitutes wages within the meaning of the Pennsylvania Wage Payment and Collection Law.

59. Plaintiff Fanning is entitled to compensation for ten weeks of earned but unused vacation.

60. Plaintiff Mitchell earned medical benefits which Defendants have failed to provide. Plaintiff Mitchell is entitled to compensation for the value of those benefits, which are wages within the meaning of the Pennsylvania Wage Payment and Collection Law.

WHEREFORE, Plaintiffs demand the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation, plus liquidated damages; (2) a reasonable attorneys' fee; (3) Plaintiffs' expert witness fees, if any; (4) other costs of the action; (5) interest; and (6) an additional amount for the tax consequences  of an award in Plaintiffs' favor under the Third Circuit's <u>Eshelman</u> doctrine.


Date: _____     By: _____
                                              M. Frances Ryan
                                              Attorney for Plaintiff
                                              Wusinich, Sweeney & Ryan, LLC
                                              102 Pickering Way, Suite 403
                                              I.D. No.  62060
                                              Exton, PA  19341
                                              (610) 594-1600
                                              Validation of signature code: MFR1130
                                              Email:  mfrancesryan@wusinichsweeney.com